Ronna J. **BAER,** Petitioner—Appellant,

v.

**DIRECTOR CALIFORNIA DEPARTMENT OF CORRECTIONS; Attorney General for the State of California,** Respondents—Appellees.

No. 05–55518.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Sept. 13, 2006.*

Decided Sept. 18, 2006.

Ronna J. Baer, Tallahassee, FL, pro se.

Steven S. Lubliner, Esq., Law Offices of Steven S. Lubliner, Petaluma, CA, for Petitioner–Appellant.

Matthew C. Mulford, Esq., Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: HALL, MCKEOWN, and WARDLAW, Circuit Judges.

## MEMORANDUM **

We affirm the dismissal of Ronna Baer's habeas corpus petition. We agree with the district court that Baer, who filed her petition on June 23, 2004, missed her one-year statute of limitations under AEDPA, 28 U.S.C. § 2244(d), and was not entitled to tolling.

Because Baer's conviction preceded AEDPA, her one-year statute of limitations period began in April 1997. Baer, however, argues that her limitations period did not start until June 2003, when, according to her, she first discovered the factual predicate of her habeas claim. *See* 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir.2001). During her 2003 parole hearing, the prosecutor allegedly mischaracterized her 1982 conviction for second-degree murder by describing it as an execution-style killing more suggestive of first-degree murder. Baer argues that the prosecutor breached the terms of her plea agreement and utilized false information.

As the district court recognized, the prosecutor made the same statements at Baer's February 2000 parole hearing. Baer could have discovered, by exercising due diligence, the factual predicate of her claim of prosecutorial misconduct and breach of plea agreement in February 2000, more than four years before she filed her current habeas petition. *Id.* at 1154. Even taking into account tolling for the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

period Baer attempted to exhaust her state court remedies, she filed her state court petition in June 2003, three years after she could have discovered the factual predicate of her claim.

Baer suggests that each repetition of "false statements" by the prosecutor in her 2000 and 2003 parole hearings is a discrete event, that she was entitled to due process at both hearings, and thus the AEDPA limitations period began to run only in June 2003. Baer does not explain, for purposes of 28 U.S.C. § 2244(d)(1)(D), the significance of the prosecutor repeating the allegedly false statements in 2003. Neither does she cite case law for her position.

Most importantly, in her state court habeas proceedings, Baer explicitly disavowed seeking relief from her 2003 denial of parole. In her current federal habeas petition, Baer seeks relief only from the actions of the prosecutor, not the parole board, for breach of her plea agreement and for making false statements. Because she could have *first* discovered the factual predicate to these claims in February 2000, her petition, filed over four years too late, must be dismissed.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.